IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SANDRA REESE,

       Plaintiff,

vs.                                                                    CIV NO. 05-0147 ACT/RHS

OVERLAND SHEEPSKIN CO., INC.
and JUDY ESPEJO,

       Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER COMES before the Court on Defendants Overland Sheepskin Co., Inc.'s and Judy Espejo's Motion to Dismiss portions of Plaintiff's Complaint for Failure to State a Claim upon which Relief can be Granted. [Doc. No. 20]. Defendants have moved for dismissal of Defendant Espejo from Count I of the Complaint and for dismissal of Count IV. Defendant's Motion is GRANTED as to Defendant Espejo in Count I but is DENIED as to Count IV.

Count I sets forth Plaintiff's Title VII claim. Case law from the Tenth Circuit has established that Title VII claims against individuals in their individual capacity are not allowed. *Haynes v. Williams*, 88 F.3d 898, 899 (10th Cir. 1996). Plaintiff has agreed in her Response that her Title VII claim in Count I cannot be brought against Defendant Espejo. Count I is therefore DISMISSED AS AGAINST DEFENDANT ESPEJO.

Count IV is titled Wrongful Termination and alleges that Plaintiff was terminated from her employment with Defendant Overland Sheepskin Co. because she filed a Worker's Compensation

Claim. Plaintiff cited to the policy portion of the New Mexico Worker's Compensation Act, §52-1-28.2 in Count IV of her Complaint. Defendants argue that the cited portion of the New Mexico Worker's Compensation Act does not contain a private cause of action for terminated employees.

Plaintiff responded that she is asserting a common law claim for wrongful termination, not a statutory cause of action. New Mexico case law holds that an employee may bring a common law claim for wrongful termination (sometimes called the tort of retaliatory discharge) when the employee alleges that she was terminated in retaliation for filing a worker's compensation claim. *Michaels v. Anglo American Auto Auctions, Inc.*, 117 N.M. 91, 869 P. 2d 279 (1994). Under the notice provisions of the Federal Rules of Civil Procedure a complaint need only give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *J.D. Conley v. Gibson,* 355 U.S. 41, 47 (1957). The Plaintiff has given fair notice to the Defendants of the grounds of her claim and has alleged sufficient facts to state a claim for wrongful termination in retaliation for filing a worker's compensation claim. Defendant's Motion to Dismiss Count IV is DENIED.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE
PRESIDING JUDGE